JUDGE ROBERTSON
delivered the opinion op the oodrt.
Joseph Rogers and Sally Ann Estill, both slaves until emancipated by the constitutional amendment on the 19th of December, 1865, claimed to be husband and wife by cohabitation and recognition, for more than fifteen years preceding, and until her death, in April, 1866. Early in May, 1866, her brother, Harvey Estill, without notice.to Rogers, was appointed her administrator by the county court of Madison, in which she had resided and died. Three days afterwards Rogers notified Estill that he would move the said court to revoke his appointment and substitute himself as the administrator, which the court accordingly did; and, on an appeal to the circuit court, that judgment was affirmed, and Estill appeals to this court.
If, at the time of her death, the appellee was the lawful husband of the intestate, Sally Ann, he was entitled to legal priority in the administration; and, as he neither waived that right nor was concluded by the ex parte and hasty appointment of the appellant, the judgment now sought to be reversed would have been proper and irreversible; and, therefore, the radical question to be de *64 cided by this court is, whether he was the husband in law as well as in fact.
Antecedently to' the enactment of the Revised Statutes, cohabitation and recognition as husband and wife by a free male and female, whether black or white, who were competent to make a binding contract, was a legal marriage, as settled by the common law, which then prevailed in Kentucky. And had the cohabitancy established in this case been initiated by free persons, their marriage would have been sealed as legal, before the enactment of the Revised Statutes, which could not constitutionally operate retrospectively, so as to divest the parties of their vested marital rights. But as long as they were slaves, their union, however cordial and constant, could never have become a legal marriage; nor could their cohabitation and recognition, after they became free, have legalized their union as husband and wife, if the Revised Statutes repealing the common law as to de facto marriages be applicable to their case. The fourth subdivision of section 2, chapter 47, page 4, provides that all marriages shall be void “when not solemnized or contracted in the presence of an authorized person or society.” And this enactment, without any exception or qualification, necessai'ily includes all persons, of every color, competent to contract marriage. And the policy, as well as the letter, of the provision, applies especially now to free colored persons, since all of all colors are- equally free, and are constituent elements of the same community.
As to free colored persons, an act of February 14th, 1866, provides that their cohabitation and recognition as husband and wife may be legalized as marriage by their declaration, before the clerk of their county, “that they have been, and, desire to continue, living together as husband and wife.” Construed according to its letter and its *65 context, this enactment imports, that, without compliance with its prescribed requisition, no such union can be, itself, legal marriage. Without conformity to this statutory mode, there is now no law in Kentucky to legalize cohabitation and recognition alone as marriage, the common and only law to that effect having been repealed.
Consequently, the appellee and Sally Ann, never having made the required declaration since they became free, were never husband and wife; therefore, his right to be her administrator was not equal to that of the appellant. .
Wherefore, the judgment is reversed, and the cause remanded, with instructions to reverse the orders of the county court revoking the appellant’s appointment as administrator, and substituting the appellee.