CASE 14—PETITION ORDINARY—JANUARY 4.

# Mary Allen v. Charles Allen.

### APPEAL FROM FAYETTE CIRCUIT COURT.

CHILDREN OF SLAVES, who after their emancipation failed to recognize or consummate their previous customary marriage in conformity to the act of February 14, 1866 (Myers's Supplement, 734), are held to occupy the legal position of bastards.

*The mother of a child born in slavery* is entitled to its services during infancy as against its putative father, who after their emancipation refused to consummate his previous customary marriage with the mother of his child, in conformity to said act of February 14, 1866, and married another woman.

MORTON & ALLEN, . . . . . . . . . . For Appellant,

CITED

Revised Statutes, Myers's Supplement, 735.
2 Bush, 278.          7 Bush, 656.
2 Kent's Commentaries, 216.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

This is a controversy between two colored persons, formerly slaves, who while in that condition were married, and lived during their bondage in the relation of husband and wife, according to the recognized custom of negro slaves in Kentucky; but who, on becoming free, did not, by complying with the statute in relation to the marriage of such persons or otherwise, continue their assumed marital relations; but, on the contrary, the appellee, Charles Allen, abandoned the

appellant and married another woman; retaining the control, however, of Henry Allen, the infant son of himself and the appellant, whom he hired out, and whose wages are now the subject of this litigation.

It was claimed in the court below, as is now contended for the mother of Henry, that the parties having separated at or before their emancipation from slavery, and wholly failed to ratify their previous customary marriage in conformity to the act of February 14, 1866 (Myers's Supplement, 734), the condition of Henry, in a legal sense, was simply that of a bastard; and that she, being his natural guardian and chargeable with his maintenance, had a right to the custody and control of him, and was entitled to his services, as against the putative father; while the appellee, in his defense, relied on the fact that he and the plaintiff, although under the disability of slavery, were formally married according to the custom of persons of their race and condition, and Henry being their offspring, he was the defendant's legitimate son, and therefore subject to his custody and control, according to the last proviso of section 2 of the act of 1866, *supra*, which declares that "the issue of customary marriages of negroes shall be held legitimate." The action of the court in instructing the jury on the trial was in substantial conformity to the latter view of the law and the facts sustaining it. The trial resulted in a verdict and judgment for the defendant, and from that judgment Mary Allen prosecutes this appeal.

If Henry was not the legitimate son of the appellee, the latter was not entitled, as against the mother, to have the custody of him or his earnings, and the instructions of the court were therefore erroneous. (2 Kent's Com. 215.)

But the essential question involved is whether it was intended by the proviso in the act of 1866, above referred to, in relation to "the issue of customary marriages of negroes," that all such issue should be held to be legitimate, although

on becoming free the parents neither manifested an intention to continue their cohabitancy by declaring that intention in the manner prescribed by the act of 1866, nor by recognition of each other as husband and wife. We can not think the legislature so intended; nor would such a construction of the proviso under consideration be in harmony with the other and more important provisions of the act of 1866, or consistent with the decisions of this court in the cases of Rogers v. Estill, 1 Bush, 62; Stewart, &c. v. Munchandler, &c., 2 Bush, 278; and Ewing v. Bibb, 7 Bush, 654.

If it was true, as the admitted facts and evidence conduced to show, that after the parties became free, and legally capable of contracting marriage, they neither did so by compliance with the law nor continued to recognize each other as husband and wife, the appellee, as the putative father of Henry, was not, as against his mother at least, entitled to have the custody or control of him, or the benefit of his labor.

Wherefore the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.